BENNETT & FRANTZ v. BURTON ET AL.

1. **Judicial Sale:** NOTICE OF LEVY TO OCCUPANT: PRINCIPAL AND AGENT. The notice of levy of execution upon real estate, required by section 3087 of the Code to be served upon the defendant where he is in actual occupation and possession of the land, need not be given him when the land is in the possession and under the control of an agent. Actual occupation by the owner is contemplated by the statute.

*Appeal from Wapello District Court.*

MONDAY, OCTOBER 23.

LANDS of defendants were sold upon a decree foreclosing a mortgage executed by them to plaintiffs. At the next term of the court, and before the time for redemption had expired, defendants filed their motion to set aside the sale, which was overruled. They now appeal from that decision.

*Stiles & Burton,* for appellants.

*H. B. & L. C. Hendershott,* for appellees.

BECK, J.—The ground upon which defendants in their motion ask the sale to be set aside, is that no written notice was given as required by the statute. Code § 3087 prescribes that, " if the defendant is in actual occupation and possession of any part of the land levied upon, the officer having the execution shall, at least twenty days previous to such sale, serve the defendants with written notice, stating that the execution is levied on said land," etc.

**1. JUDICIAL sale : notice of levy to occupant: principal and agent.**

The evidence submitted on the motion shows that defendants had formerly occupied the land sold as a homestead, but had some years prior to the levy and sale, removed out of the State, and are now non-residents. The house upon it, becoming dilapidated, was occupied by no one. They left the property in charge of an agent who kept the fences in repair, and used the premises by pasturing them, and took care of an orchard thereon. This use by the agent was about all the premises were capable of, considering the condition they then were shown to be in by the evidence. The question presented by the case is this: Under the provision of the Code above cited, ought the defendants have had written notice of the sale? This is required when the defendant is in actual occupation and possession of the land levied upon. The use of the word *actual* implies that the possession by defendant shall be real, not speculative or in theory. Now the possession of the agent is, in a legal sense, the possession of the principal; the same may be true of the occupation of lands. But the possession and occupation of the owner through an agent is theoretical only. In truth he does not occupy the land; it is occupied by another under his authority. The relation between the parties is the ground upon which the law deems the occupation of the agent to be that of the principal. By use of the expression *actual occupation and possession*, the statute above cited implies that the land shall be in occupation of the defendant himself. Unless this construction be adopted no force is given to the adjective actual. Without it the expression would bear the precise meaning contended for by defendants' counsel.

Another reason may be stated for this interpretation. The statute requires a notice to be served upon the owner when he is in the actual occupation of the premises. But if such an occupation may be through another, in many cases it would be difficult or impossible to comply with the requirement, unless by construction it should be held that service upon the agent would be sufficient. A departure from the plain and obvious meaning of the law would thus require its language, in other respects, to be made more comprehensive by construction. The safer course is to restrict the application of statutes within the limits of the plain meaning of their language.

The interpretation contended for by defendants would, in cases of this kind, require sheriffs to enter into inquiry in regard to the relations existing between the defendants in execution, and parties occupying lands, and to determine questions both of fact and law. There would be no safety in any other course than, in all cases, to give the notice required to the party in possession of the land, which the statute does not contemplate and by no means requires. See *Fleming v. Maddox*, 30 Iowa, 240. On the ground that the defendants themselves are not in the *actual* occupancy of the land, the sheriff was not required to give the written notice contemplated by Code § 3087. The sale was not, therefore, irregular and the District Court correctly overruled the motion.

                                                    AFFIRMED.