LUFKIN & WILSON v. PRESTON.

52  235
98   14
52  235
104  687

1. **Replevin**: EVIDENCE: NOTICE. In an action of replevin by the as-
   signees of a lease to recover the landlord's share of the crop, which had
   been levied upon by defendant under an execution against the landlord,
   *held*, that evidence of notice to the defendant and the officer of plain-
   tiffs' ownership, given before the levy, was material and should have
   been admitted.

2. ———: LEASE: ASSIGNMENT OF. While the landlord has no property
   in the crop of his tenant until matured and his portion is set apart, he
   may make an assignment of his lease, and such assignment, when valid,
   vests in the assignee the right to the rent when so set apart, and he
   may maintain replevin to recover it from one who levies upon and takes
   possession of it as the property of the landlord, with notice of the as-
   signment.

3. ———: TITLE TO OFFICE. The legality of an officer's title to his office
   cannot be determined in an action in replevin to which he is not a
   party.

*Appeal from Jasper Circuit Court.*

MONDAY, OCTOBER 27.

THIS is an action of replevin wherein the plaintiffs seek to
recover of the defendants a certain quantity of corn. The
corn was raised by certain tenants upon premises of one
Morris. There were written contracts of lease between Morris
and the tenants by which Morris was to have as rent one-half
of the crop in the field at harvest time. The leases were exe-
cuted in February, 1877, for that year. Shortly after these
leases were made Morris assigned them by writings on the
back thereof to the plaintiff herein. The defendant recovered
a judgment against Morris on the 17th day of March, 1877,
and on the 30th day of May, 1877, he caused an execution to
issue thereon, which was levied upon the undivided half of all
the corn then standing and growing upon the leased premises.
The return of the execution recited that the said corn was
levied upon as the property of said Morris. The corn thus
levied upon was sold at constable's sale at four dollars per
acre, the defendant being the purchaser. The defendant pro-

ceeded in the fall to husk and gather one-half of the corn, by the permission of the tenants.

The plaintiffs claim that they are the owners of the corn by virtue of the assignments of the leases to them, and they aver that the defendant had notice of their ownership of the property before any levy of said execution was made, and that the sale by the constable was fraudulent, and that it was void because the person who acted as such officer was not in fact a constable. The defendant in his answer claims that the constable's sale was in all respects regular, and that the person who made the sale was in fact such officer, and that the plaintiffs were not entitled to the corn because the assignments of the leases were without consideration, and were made by Morris and received by plaintiffs with the intent to hinder, delay and defraud the creditors of Morris. Other allegations were contained in the pleadings which we need not set out here. There was a trial by jury and a verdict and judgment for the defendant. Plaintiffs appeal.

*S. N. Lindley* and *Ryan Bros.*, for appellant.

*Sankey & Cook*, for appellee.

Rothrock, J.—I. The plaintiff offered upon the trial to prove by J. W. Butler, the justice of the peace who issued 1. REPLEVIN: the execution, that at the time the execution was evidence: notice. issued, and before any levy was made, the defendant and the constable were both advised that the corn in question belonged to the plaintiffs. Objection was made to this evidence and the objection was sustained. In this we think the court erred. As there could be no actual manual delivery, and a visible change of possession of the growing corn, it was a material question as to whether the defendant as a creditor of Morris had notice of the assignment of the leases before he made the levy. Code, section 1923.

II. The court gave to the jury the following among other instructions:

"2d. The plaintiffs claim ownership and right of possession by virtue of the assignment of certain leases from one

Morris to them. The assignment of the leases gave the plaintiffs the right to take possession of the corn after it had been grown and was matured; but the title did not vest, in them until such time, and until they had taken possession thereof. And if, before the plaintiffs took possession, the corn was levied upon and sold to defendant under an execution on a judgment in favor of the defendant and against said Morris, then the title to the corn would pass to the defendant by virtue of such sale. And, in case you so find, the plaintiff cannot recover."

This instruction was erroneous because it ignores the question as to whether the defendant had notice of the assignment 2. ——: lease: of the leases before he caused the corn to be seized assignment of. upon the execution. It must be conceded that the defendant could by his levy and sale acquire no other nor greater interest in the growing crop than was held by Morris. It must also be conceded that if Morris had in good faith assigned all his interest in the leases to the plaintiff, and the defendant had notice of such assignments, there was no interest of Morris in the corn subject to the levy and sale. The doctrine contended for by appellee and adopted by the court would be a restriction upon the assignment of contracts that it seems to us has no warrant in the law. If the assignments were not fraudulent as to creditors they invested the plaintiffs with all the right Morris had: that is, the right to one-half of the corn at harvest time. Their right to the corn was good as against all the world excepting creditors without notice.

It is true it has uniformly been held by this court that the owner of the land acquires no property in the part of the crop reserved for rent until it is ascertained and set apart to him by the tenant. *Rees v. Baker*, 4 G. Greene, 461; *Townsend & Knapp v. Isenberger*, 45 Iowa, 670. But it has never been held that a landlord may not assign his interest in the lease, and thus invest his assignee with the right to secure the rent when it is in a condition to be set apart; and we apprehend that, if the tenant were to deliver the landlord's share of the grain to a stranger having no right to it, the landlord or his assignee could maintain replevin to recover it. If the assign-

ments in this case were valid, and not fraudulent, and the defendant had notice, he acquired nothing by his levy and sale and his possession was wrongful.

III. It was sought by the appellants to show that the person who acted as constable in making the levy and sale was not a legally elected and qualified officer. This was an immaterial issue in the case. It was shown that he was acting as constable. This was sufficient. The action is replevin. The plaintiffs must recover upon the strength of their own title and right to the possession, and besides, they cannot in replevin try the right to an office held by a person not a party to the action. For the error in excluding the evidence as to notice, and in giving the instruction above set out, the judgment must be reversed and the cause remanded for a new trial.

3. ——: title to office.

REVERSED.