LUFKIN & WILSON V. PRESTON.

1. **Replevin**: ASSIGNMENT OF LEASE.    The assignment of a lease, in good faith, by one who has neither the possession nor right of possession of the crops, invests the assignee with all the interest the assignor has thereunder, and is valid as against creditors and purchasers of the assignor, without notice, and will enable the assignee to maintain replevin against them to recover such interest.

*Appeal from Jasper Circuit Court.*

SATURDAY, OCTOBER 22.

ACTION of replevin for 850 bushels of corn.    The cause was referred to a referee who made certain written findings of fact and recommended that a judgment be entered for the defendant, which was accordingly done.    Plaintiffs appeal.

*Ryan Bros.*, for appellant.

*Haines & Lyman* and *S. C. Cook*, for appellee.

ROTHROCK, J.—On a former appeal in this case the facts as to the claims made by the parties to the property in contro

1. REPLEVIN: assignment of lease. versy are fully stated, and therefore need not be repeated here.    See 52 Iowa, 235.    The referee found as facts that the leases were assigned by Morris, the lessor, to the plaintiffs on account of certain indebtedness due from the former to the latter, and as collateral security for said indebtedness.    That while the assignments were absolute and unqualified no amount was fixed as the value of the leases.    It was further found that the defendant had no notice of such assignment until after the sale of the crop on execution against Morris, and as a conclusion of law it was found that as no change of the possession of the property occurred, the assignments were of no validity as against the defendant.

In the former appeal the question was made as to the right of the plaintiffs to prove that the defendant had notice that

the plaintiffs were the owners of the corn, and we held that the court erred in excluding the evidence. As we remember no question was then made as to the necessity of showing notice to the defendant under the facts of the case, and the point being one of minor importance, as the case was then presented, it was assumed that such notice was necessary. It is now urged that as Morris, the lessor, did not have either the possession or the right of possession of the crops the assignments of the leases were valid as to creditors and purchasers without notice. This position is unquestionably correct. *Thomas v. Hillhouse*, 17 Iowa, 67; *Sansee v. Wilson*, Id., 582; *Case & Co. v. Burrows*, 54 Id., 679; *Manny v. Adams*, 32 Id., 165. The fact that the plaintiff took the assignments as collateral security upon a debt can make no difference in their title to the corn. The assignments were made in good faith and invested the plaintiff with all the interest Morris had, and in our opinion, this was sufficient to enable them to maintain replevin against the defendant who had no paramount right.

No question is made upon this appeal as to the correctness of the findings of fact made by the referee. Exception is only taken to the conclusions of law. We think that under the facts found the plaintiffs were entitled to a judgment for $119, the value of the corn, as shown by the agreement of the parties. The judgment will be reversed and the cause remanded for judgment in harmony with this opinion.

REVERSED.