King v. Wallace Bros.

---

## KING v. WALLACE BROS.

1. **Chattel Mortgages :** RECORDING IN WRONG COUNTY : PRIORITY : POSSESSION BY MORTGAGOR. Section 1923 of the Code provides that no mortgage of personal property, when the mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless the written instrument is filed for record with the recorder of the county where the holder of the property resides. F., a resident of Ida county, purchased a stock of goods in Page county, and made to defendants a mortgage thereon to secure a part of the purchase price, and it was filed for record in Page county. F. did not remove his residence to Page county, but kept the stock of goods there in charge of another, who conducted all the business in the name of F., and sent him statements from time to time; but F. had no personal supervision of the goods or the business. Afterwards F. made other mortgages to plaintiff, who had no actual notice of the first mortgage, and these mortgages were filed for record in Ida county. *Held* that F. did not retain "actual" possession of

the goods after the execution of the first mortgage, within the meaning of the statute, and that therefore the first mortgage was not invalid under the statute, though filed for record in the wrong county, or not filed at all ; and, being prior in date, it was prior in equity. The rule as to actual possession is thus stated : "The mortgagor is in actual possession when he retains the property under his immediate supervision and control, though he employ others to aid in that control ; but when the property is entrusted to the custody and control of another, without the immediate supervision of the mortgagor, then the actual possession is in that other, and not in the mortgagor." (See opinion for citations.)

2.   **Appeal:** INSTRUCTIONS TOO FAVORABLE TO APPELLANT. An instruction too favorable to appellant, though erroneous, is no ground for reversal.

3.   ——— : ERRORS WITHOUT PREJUDICE. Errors in admitting and excluding testimony are no ground for reversal where under the established facts appellant could not have recovered had the errors not been committed.

*Appeal from Page District Court.*—HON. H. E. DEEMER, Judge.

FILED, JUNE 7, 1889.

ACTION to recover possession of a certain stock of merchandise. Trial to a jury. Verdict and judgment for defendants. Plaintiff appeals, assigning as errors the admitting and refusing certain testimony on the trial, the giving of certain instructions, overruling the plaintiff's motion for new trial, and in rendering judgment on the verdict.

The following facts, which appear without controversy, or by decided preponderance of the evidence, are necessary to be stated to a correct understanding of the case :

The merchandise in question was formerly owned by the defendants Wallace Bros., and kept by them for retail in a store in the town of Coin, Page county, Iowa, where the stock remained until taken under the writ in this action. April 30, 1886, Wallace Bros. sold the merchandise to J. A. Frink, then and after a resident of Ida county, Iowa, taking from him a chattel mortgage on the goods to secure a part of the purchase

price thereof. Thereafter, on June 5, 1886, J. A. Frink executed and delivered to the defendants another mortgage on said goods as a substitute for the first, and because of some defect therein, which latter mortgage the defendants filed for record in Page county, on June 8, 1886, and upon which they now claim the property in controversy. Upon completing the invoice the defendants turned over the goods in the store where they were, and had no possession thereof after that time until taken by the sheriff on their mortgage, as hereinafter stated. Upon defendants' going out of possession, Frank Frink, brother of J. A., was placed in charge of the store, and, with the assistance of others, employed to aid him, continued to carry on business until about the twentieth of February, 1887, when the goods were taken by plaintiff, as hereinafter stated. There is no question but that Frank Frink was in full charge of the business, buying and selling in the usual course of trade, making settlements with customers, receiving and paying out money, employing help, and in all respects transacting the business as an owner would, except the deposits in bank were made in the name of J. A. Frink, and that Frank signed J. A. Frink's name to checks. The correspondence was in J. A. Frink's name, and statements were transmitted to him of the business from time to time. There was no change in the possession of the goods or the manner of doing business from the time of the sale, April 30, 1886, up to the time that King took possession,—about the twentieth of February, 1887. Frank Frink resided in Coin, Page county, during all that time. On October 1 and December 2, 1886, J. A. Frink, then and thereafter residing in Ida county, executed two mortgages to Baxter, Reed & Co. on said stock of merchandise, which mortgages were filed for record in Ida county. On January 24, 1887, J. A. Frink gave Baxter, Reed & Co. authority to sell the stock at any time or place, without notice, and on February 20 they sold the same to the plaintiff King, in pursuance of which King took possession of the goods in the store in Coin about the twentieth of February,

1887. At the time of receiving the mortgages from J. A. Frink, Baxter, Reed & Co. had no actual notice of the mortgage to defendants. In a few days after King took possession of the goods under his purchase, the sheriff of Page county, on behalf of the defendants, and by authority of their mortgage, took the goods from King, whereupon King brought this action. There is nothing in the testimony impeaching the validity of either mortgage, and hence the contention is as to which is entitled to priority, or, in other words, whether at the time of executing and delivering the mortgages, or either of them, J. A. Frink was in actual possession of the merchandise

*C. W. Rollins*, *T. E. Clark* and *Cummins & Wright*, for appellant.

*W. W. Morsman* and *W. P. Hepburn*, for appellees.

GIVEN, C. J.—I. It will be seen by the foregoing statement that there is no controversy as to the validity of the mortgages under which each party claims, nor as to their priority of date. It appears beyond question that at the time each of said mortgages was executed and delivered by J. A. Frink he was a resident of Ida county; that Frank Frink had the immediate custody and control of the mortgaged property, with authority to carry on business in the usual course of retail trade, to add to the stock by purchases, make sales therefrom, settle with and collect from customers, to pay debts, to bank the funds and check against the same in the name of J. A. Frink, and, in short, to do to all appearances as owners usually do in such business, making reports of the business from time to time to J. A. Frink. There is a contention as to whether Frank Frink was doing this as an employe of J. A. Frink at a stated salary, or under a contract by which he had or was to have an interest in the goods and business. In our view of the law, and the unquestioned control that Frank Frink had over the property, it is immaterial whether he was serving upon a salary or for

1. CHATTEL mortgages: recording in wrong county: priority: possession by mortgagor.

King v. Wallace Bros.

an interest in the property and business.   His possession
and control at the time each of said mortgages was
executed was such as to preclude the idea of actual pos-
session in J. A. Frink, as contemplated in section 1923
of the Code.   Under that section no mortgage of per-
sonal property, when the mortgagor retains actual
possession thereof, is valid against existing creditors or
subsequent purchasers without notice, unless the written
instrument is filed for record with the recorder of the
county where the holder of the property resides.   In
determining what is meant by "actual possession," as
used in this section, we must have in mind the object
and purpose of the section.   In *Thomas v. Hillhouse*,
17 Iowa, 67, the court says:   "The object and pur-
pose of the statute was to prevent persons from acquir-
ing or retaining credit by reason of the possession of
personal property, which possession, in the eyes of the
law, is evidence of ownership, and to protect purchasers
thereof from the fraud which might otherwise be prac-
ticed upon them by persons in possession of such
property, and thus the ostensible owners of it." Sec-
tion 3087, Code, provides that, if the defendant is in
actual occupation and possession of any part of land
levied on, the officer shall serve him with written notice.
In *Bennett v. Burton*, 44 Iowa, 550, the court, in con-
struing the words "actual occupation and possession,"
says:   "The use of the word 'actual' implies that the
possession by defendant shall be real, not speculative or
in theory.   Now, the possession of the agent is, in a
legal sense, the possession of the principal.   The same
may be true of the occupation of lands.   But the pos-
session and occupation of the owner through an agent is
theoretical only.   In truth, he does not occupy the
land; it is occupied by another under his authority.
The relation between the parties is the ground upon
which the law deems the occupation of the agent to be
that of the principal.   By use of the expression 'actual
occupation and possession' the statute above cited
implies that the land shall be in occupation of the
defendant himself."   In *Smith v. Champney*, 50 Iowa,

Vol. 78—15

174, the court, in considering whether possession had passed between vendor and vendee as contemplated in section 1923, says: "The rules of construction require us to give force to the word 'actual.' * * * The word 'actual' must, if possible, be given some force of its own." See, also, *Barrows v. Harrison*, 12 Iowa, 589; *Sansee v. Wilson*, 17 Iowa, 582; *Campbell v. Hamilton*, 63 Iowa, 293, and *Lufkin v. Preston*, 57 Iowa, 28. In view of the language and purpose of section 1923, we are of the opinion that actual possession, as therein contemplated, means a true, real, genuine, positive and certain possession, and not a virtual or theoretical possession. The mortgagor is in actual possession when he retains the property under his immediate personal supervision and control, though he employ others to aid in that control; but when the property is intrusted to the custody and control of another, without the immediate personal supervision of the mortgagor, then the actual possession is in that other, and not in the mortgagor. These views are not in conflict with *Stewart v. Smith*, 60 Iowa, 275. In that case the property was in the possession of the mortgagor and in charge of his employes, under his immediate personal supervision and control. What is said as to those employes not being bailees or agents, with authority over the property, is simply to emphasize the fact that they were acting under the immediate direction of Moulton, the mortgagor. Applying these views of the law to the established facts, it is apparent that J. A. Frink did not retain actual possession of the mortgaged property at the time either of the mortgages relied upon was executed and delivered. It follows, therefore that section 1923 does not apply; that no recording was required; and that the defendants' mortgage, being first in date, is entitled to priority.

II. The court instructed the jury to the effect that if Frank Frink had possession simply as agent, employe

2. APPEAL: instructions too favorable to appellant. or servant of J. A. Frink, subject to his control and direction, that would be an actual possession by J. A. Frink; but if Frank Frink was in possession under an agreement with

J. A. Frink, whereby he (Frank) was to have an interest in the property, then J. A. would not be in the actual possession thereof. This instruction, though not in exact accordance with our views as herein expressed, was more favorable to the appellant, and hence was without prejudice to him.

III. Exceptions were taken to the ruling of the court in admitting and excluding certain testimony, but as none of this testimony controverts the fact that Frank Frink was in the actual possession of the goods, and as under our view of the law such possession gives priority to the mortgage of the defendants, it is not necessary that we further consider these exceptions, nor any other of the assignments of error. There being no question as to the value of the property, the judgment of the district court is                                          AFFIRMED.

3. ———: errors without prejudice.