## SHELBY ET AL. *v.* MOORE, ASSIGNEE.

[No. 2,862.  Filed May 17, 1899.]

LANDLORD AND TENANT.—*Lien of Landlord on Crop.*—The lien of a landlord, under section 5224 Horner 1897, on his portion of grain raised by a tenant will prevail over the claim of a good faith purchaser thereof for value, without notice.

From the Hamilton Circuit Court.  *Affirmed.*

*F. E. Gavin, C. F. Coffin, T. P. Davis, A. J. Shelby* and *A. C. Pearson,* for appellants.

*Christian & Christian,* for appellee.

COMSTOCK, J.—Appellee as assignee of Cad Walter Pitts instituted this action against appellants and Anna E. Pitts to recover the value of certain grain alleged to have been converted by said appellants. The action was dismissed as to Anna E. Pitts. At the request of appellants the court made a special finding of facts and stated conclusions of law thereon. On the facts as found, the court, as a conclusion

of law, adjudged that appellee was entitled to recover against appellants $82.20.    To this conclusion of law, appellants, at the proper time, excepted.    The errors assigned are (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in its conclusions of law.

The court found that appellee leased the premises on which the grain in question was produced to Anna E. Pitts, and that by the terms of the lease she was to receive as such tenant two-thirds of the grain produced on the premises, and appellee one-third thereof.    And that afterwards, one Albert Davis, a brother of the tenant, sold and delivered to appellants at their mill in the town of Sheridan the rental portion to which appellee was entitled.    The court found that appellants were engaged in the grain and milling business at the town of Sheridan, and that they purchased and paid for said grain in the ordinary course of business in good faith, in the belief that the same was the property of Davis, and without any knowledge that any part thereof belonged to the tenant, or that the same had been raised on said farm, and without any notice that appellee or any other person claimed a landlord's lien thereon, and without any notice or knowledge of any fact from which they should or could have supposed that there was any claim or lien against said property in favor of appellee or any other person.    The question therefore presented is whether a landlord's lien will prevail over the claim of a good faith purchaser for value, without notice, under the circumstances found by the court in its special finding of facts.    In our opinion this question must be answered in the affirmative.    The statute, section 5224 Horner 1897, is plain in its terms, and gives a specific lien to the landlord.    *Kennard* v. *Harvey*, 80 Ind. 37.    The grain was threshed before sold, and the title to appellee's share vested in him the moment the grain was threshed.    The tenant having no title to the landlord's share could give none to a purchaser.

In *Fort* v. *Wells*, 14 Ind. App. 531, this court said: "In a recent case, we quoted with approval from *Laverty* v. *Snethen*, 68 N. Y. 522, the following: "The question of good faith is not involved. A wrongful intent is not' an essential element of the conversion. It is sufficient if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it." *Kidder* v. *Biddle*, 13 Ind. App. 653. The purchaser is bound to take notice of the landlord's statutory lien. Appellants' want of knowledge of the rights of appellee was not the fault of appellee.

The question presented in the case at bar has been decided by this court at the present term in *Campbell* v. *Bowen*, *post*, 562, to the effect that the purchaser must take notice of the landlord's statutory lien. A transfer not authorized by him will give no title as against him. *Finney* v. *Harding*, 136 Ill. 573, 27 N. E. 289, 12 L. R. A. 605, and *Smith* v. *Shell Lake Lumber Co.*, 68 Wis. 89, 31 N. W. 694, cited by appellants' learned counsel, are not in harmony with the Indiana cases. The purpose of the statute is to secure the payment of rent so far as it may be done by liens upon the crop. In many cases, it would fail of its purpose if the purchase of the landlord's share from any one not authorized by him to sell the same would defeat them. Judgment affirmed.