## KEIM ET AL. *v.* MYERS.

[No. 6,483. Filed October 5, 1909.]

1. LIENS.— *Landlord and Tenant.— Exemptions.—* Under §8070 Burns 1908, §5224 R. S. 1881, providing for landlords' liens, a landlord leasing his land partly for cash and partly for a portion of the crop to be raised, has a lien on the crop raised for such cash rent, and the tenant has no right of exemption as against such lien, nor has he any right to remove such crop until such rent is paid. p. 301.

2. CONVERSION.—*Landlord and Tenant.—Liens.—Purchaser of Crop Covered by.*—The purchaser of a crop covered by a landlord's lien (§8070 Burns 1908, §5224 R. S. 1881), is liable to such landlord to the extent of the value of the crop so purchased, provided the same be necessary to extinguish such lien. p. 303.

From White Circuit Court; *James P. Wason,* Judge.

Action by Squire W. Myers against Joseph J. Keim and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Wilson & Quinn,* for appellants.

*Truman F. Palmer* and *Benjamin F. Carr,* for appellee.

WATSON, J.—Appellee began this action in the lower court by filing his complaint in two paragraphs against appellants, Joseph J. Keim, who was his tenant, and Crabbs,

Reynolds, Taylor Company, to recover upon a lease or contract executed by the appellant Keim to the appellee. The tenth clause of said contract is as follows:

"That in addition to the grain rent hereinbefore provided for and reserved, he, the lessee, will pay the lessor on November 1, 1905, $3 per acre for the hog pasture of about forty-five acres now enclosed in a hog-tight fence, and $4 per acre for each and every acre of the remaining portion of said premises not put in cultivation by him, except, however, he shall not be required to pay cash rent for the buildings, nor the enclosed lots on which the same stand, nor the truck patch, not to exceed one-half acre. Said money rent to be payable without relief from valuation or appraisement laws and with attorneys' fees."

Defendant Keim sold to his codefendant, Crabbs, Reynolds, Taylor Company, who had full knowledge of the tenancy of said Keim, and without the knowledge or consent of the plaintiff, the crop raised on the leased premises for the year 1905. It was averred that on December 22, 1905, the plaintiff and defendant Keim agreed that there was due, by reason of the contract sued upon, the sum of $90.77, which adjustment was as follows:

"Monticello, Indiana, December 22, 1905.
Due S. W. Myers as of date November 1, 1905, bal. on rent, $90.77.           J. J. Keim."

To this complaint the defendants filed separate demurrers to the second paragraph thereof, which were overruled, and thereupon they filed separate answers in two paragraphs. The first paragraph of answer of defendant Keim was a general denial. The second alleged facts in which he sought to establish his exemption as a resident householder of the State of Indiana. The first paragraph of answer of defendant Crabbs, Reynolds, Taylor Company was a general denial. The second alleged that it bought the grain from the tenant, its codefendant herein; that it purchased the grain in good faith and upon a belief that its co-

defendant had the right to dispose of the same; that said codefendant Keim was a *bona fide* resident of White county, Indiana, living as a tenant upon the land set out and described in the written lease described in plaintiff's complaint, and being the land owned by plaintiff; that said Keim was on the date of the sale, and for months prior thereto had been, a resident householder of the State of Indiana, and as such was entitled to the sum of $600 as his exemption under the statutes of the State of Indiana; that said Keim did not on said date own any real, personal or mixed property, of whatever form or description, to exceed the sum of $500; that no part of the property of said Keim was subject to sale on execution for any indebtedness owed by said Keim; that said plaintiff had received his share of corn and oats raised upon said farm, according to the term of said lease.

It is shown by the answers that on August 24, 1905, defendant Keim sold oats to his codefendants to the amount of $113.82, and on December 12, 1905, he sold corn to the amount of $278.76.

A demurrer was filed to these second paragraphs of answers, which was sustained. The cause was tried by the court, which found for plaintiff and rendered judgment against both of the defendants, and from that judgment this appeal is prosecuted.

The assignments of error that the appellants have not waived, are the fourth and fifth, which relate to the sufficiency of the second paragraphs of their separate answers. 1. Whether these answers are sufficient depend upon what construction shall be placed upon §8070 Burns 1908, §5224 R. S. 1881, which is as follows: "In all cases where a tenant agrees to pay, as rent, a part of the crop raised on the leased premises, or rent in kind, or a cash rent, the landlord shall have a lien on the crop raised under such contract for the payment of such rent; which lien, if the tenant refuse or neglect to pay or deliver

to the landlord such rent when due, may be enforced by sale of such crop, in the same manner as the lien of a chattel mortgage containing a power to sell: Provided, that nothing herein contained shall prohibit the tenant, after notice in writing to the landlord or his agent, from removing from such leased premises his own part of said growing crop, and no more than such part, and from also disposing of the same whenever the rent is to be paid in part of the crop raised; but in other cases, he may remove not more than one-half of the crop growing or matured."

If the statute gives the appellee a lien upon the crops raised upon his farm to secure the payment of the rent, then the statute of exemption would not apply to the corn and oats sold to appellant Crabbs, Reynolds, Taylor Company by its coäppellant.

It is averred in the complaint, and was proved at the trial, that the appellee was the owner of the real estate described therein; that appellant Keim had leased the same, and entered into a written contract with the appellee, whereby he was to pay, as rental, part in crop and part in cash; that appellant Crabbs, Reynolds, Taylor Company bought the oats and corn, as averred, with full knowledge of the tenancy existing between its coäppellant and the appellee, and appellant Keim sold the corn and oats, so alleged to have been sold, without any notice to, or the consent of, the appellee.

Upon these facts we think it is sufficiently shown that the appellee, by virtue of the statute, had a lien upon the crop raised on the leased premises for the year 1905, to secure the payment of the cash rent as provided for under the terms of the lease, and which appellant Keim and appellee had agreed upon as the amount due; and until this rent was paid the appellant had no right to remove from the premises the corn and oats, upon which the statute specifically created a lien in favor of the appellee to secure said rent. *Kennard* v. *Harvey* (1881), 80 Ind. 37; *Shelby*

MAY TERM, 1909.        303

Cincinnati, etc., Electric St. R. Co. v. Cook—44 Ind. App. 303.

v. *Moore* (1899), 22 Ind. App. 371; *Campbell* v. *Bowen* (1899), 22 Ind. App. 562; *Haywood* v. *O'Brien* (1879), 52 Iowa 537, 3 N. W. 545; *Lufkin* v. *Preston* (1876), 52 Iowa 235, 3 N. W. 58.

In the case of *Duke* v. *Strickland* (1873), 43 Ind. 494, which involved substantially the same question, except in that case the question was as to a mortgage which had been duly recorded, although the purchaser had bought the wheat in the usual course of business and without actual notice of the mortgage. It was there held that the purchaser was liable to the mortgagee to the amount due for rent, not to exceed the amount purchased by him. The case was quoted with approval in the case of *Kennard* v. *Harvey, supra.* In the last-named case the lien upon the crop was not a mortgage lien, but was a lien created by statute by the very section under consideration in this case, and the court there held that the purchaser was liable to the landowner to the extent of the amount so purchased.

The Crabbs, Reynolds, Taylor Company bought the corn and oats impressed with the lien thereon by virtue of the statute, and they therefore should be, and are, required to account to appellee for so much of said oats and corn, or the value thereof, as will be required to liquidate his claim for the rent for 1905.

We find no reversible error herein. The judgment is therefore affirmed.