## SIMPSON *v.* JONES.

[No. 12,168. Filed June 5, 1925. Rehearing denied June 11, 1926.]

1. LANDLORD AND TENANT.—*Landlord entitled to lien on entire crop for the cash rent where rent was to be paid partly in cash and partly by portion of the crop raised.*—Under §18 of the Landlord and Tenant Act of 1881 as amended in 1923 (Acts 1923 p. 414, §9556 Burns 1926), a landlord who, thirty days before the maturity of a crop raised on the leased land, filed in the recorder's office a notice of his intention to hold a landlord's lien on said crop is entitled to a lien on the entire crop for the cash rent, although not yet due, where the rent was to be paid partly in cash and partly by a specified portion of the crop, and the tenant has no right to sell his portion of the crop. p. 37.

2. LANDLORD AND TENANT.—*Notice by tenant to landlord of his intention to sell his part of crop as authorized by the proviso to the statute does not release or annul landlord's lien on crop for cash rent.*—Notice by the tenant to the landlord of his intention to sell his part of the crop as authorized by the proviso to §9556 Burns 1926 (Acts 1923 p. 414) does not release or annul the landlord's lien acquired under the first part of the section, the notice being for the protection of the landlord and to prevent the clandestine removal of the crops by the tenant. p. 38.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Action by Warren Simpson against Hiram Jones and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* Original opinion by second division; on rehearing, by the court in banc.

*McCabe & Sons,* for appellant.
*Ele Stansbury,* for appellees.

NICHOLS, J.—Action by appellant against appellees to recover a money judgment for grain sold by appellant to appellees Jones and Jones, doing business under the firm name of Jones Elevator Company, and against appellee Mow, to answer as to his interests on account of an alleged landlord's lien for cash rent not then due.

It is averred in the complaint that on September 7,

1923, appellant rented of appellee Mow, eighty acres of certain lands in Warren county, Indiana, for the year 1924 by written lease which so far as is here involved stipulated that appellant agreed to pay as rent for the land in grain one-half of all grain raised on said premises to appellee Mow, said grains to be delivered in elevator or on board cars at West Lebanon, Indiana, at the option of said Mow, and further agreed to pay $108 cash rent, $54 September 1, 1924, and $54 on December 1, 1924, both of said sums to be represented by promissory notes with good freehold security, or a mortgage on his growing crops to the satisfaction of said Mow, without interest if paid when due.

Appellant raised on said land 557 bushels of oats, machine measure, and delivered the same to the elevator of appellees Jones and Jones, except about forty bushels retained by him on said farm.

Appellant notified the said Mow in writing that he had hauled all of said oats, except said quantity kept by him, and that he intended immediately to dispose of his part thereof, to wit: the one-half thereof, less said quantity retained by him, and demanded of the said appellees Jones and Jones payment therefor, but the said Mow ordered said Jones and Jones not to pay appellant, and the said Jones and Jones refused and still refuse to pay appellant for any part of said oats, and refuse to even inform him of the amount thereof, as measured by the elevator scales.

Appellant sold the said oats to said Jones and Jones at forty-two cents per bushel, and appellant's share thereof, now in said elevator, amounts to over $100, which is now due and wholly unpaid.

The answer of appellee Mow is in substance that appellant was and is his tenant for said farm for the year 1924, and that, more than thirty days before the maturity of said oats, he filed and recorded in the recorder's

office a notice in writing notifying appellant that he, appellee Mow, as such landlord, had and intended to hold a lien upon said oats to secure the payment of the cash rent provided for in the lease.

Appellant's demurrer to this answer was overruled, and, refusing to plead further, judgment was rendered against him, from which he appeals, assigning as error the court's action in overruling his demurrer. Appellant says that the correctness of the court's ruling depends upon the construction to be given to the landlord and tenant act, of March 7, 1923, Acts 1923 p. 414. We have carefully examined this act, and have compared it with §8070 Burns 1914, being §18 of an act in force since April 7, 1881, Acts 1881 p. 563, which reads as follows: "In all cases where a tenant agrees to pay, as rent, a part of the crop raised on the leased premises, or rent in kind, or a cash rent, the landlord shall have a lien on the crop raised under such contract for the payment of such rent; which lien, if the tenant refuse or neglect to pay or deliver to the landlord such rent when due, may be enforced by sale of such crop, in the same manner as the lien of a chattel mortgage containing a power to sell: Provided, That nothing herein contained shall prohibit the tenant, after notice in writing to the landlord or his agent, from removing from such leased premises his own part of said growing crop, and no more than such part, and from also disposing of the same whenever the rent is to be paid in part of the crop raised; but in other cases, he may remove not more than one-half of the crop growing or matured."

The only substantial difference between the act quoted, and the act of 1923 is found in the provision of the 1923 act that if the landlord desires a lien,

1. he shall file a notice in the recorder's office of his intention to hold one any time thirty days before

the maturity of the crop. It appears by appellee Mow's answer that he has complied with this provision which is the only thing required of him that he may enforce his lien. The principle here involved was decided against appellant's contention in *Keim* v. *Myers* (1909), 44 Ind. App. 299, 89 N. E. 373, where, in addition to a grain rental, there was a cash rent as well, and it was expressly held that the landlord had a lien for the cash rent. We see no reason why we should not follow that decision.

The judgment is affirmed.

### ON REHEARING.

NICHOLS, J.—Appellant, on petition for rehearing, complains that the court has failed to construe the proviso of the landlord and tenant act of March 7, 1923, §9556 Burns 1926, as to the effect when a notice by the tenant has been given, in accordance with the proviso, of his intention to sell his part of the crop. It is appellant's contention that, in this regard, this case is to be distinguished from the case of *Kein* v. *Myers* cited in the principal opinion. In the Kein case, it appears that the tenant sold the corn and oats involved without any notice to or consent of the landlord, while in the present case, it is averred in the complaint that such notice was given. We do not understand, however, that the giving of such notice, in effect, releases and annuls the lien of the landlord provided for in the first part of the section, but that such provision for notice is rather for the protection of the landlord, and to prevent the clandestine removal of the crops by the tenant. We have said in the principal opinion that we agree with appellant's contention that the correctness of the court's ruling depends upon the construction of the statute involved. It is sufficient, however, for us to say that appellant so contends, with-

out saying that we agree with such contention. There may be other reasons, not presented, why the answer is insufficient. This we do not decide.

Petition denied.