*Blake,* for plaintiff.

*G. P. Sewall,* for defendant.

WHITNEY *versus* LOWELL.

Parol evidence, offered to show that a written *mortgage* of a chattel was intended to constitute a mere *pledge,* is inadmissible.

Though a mortgager of a chattel, by contract with the mortgagee, should be entitled to hold possession till the pay-day of the debt, yet an unconditional sale of it by the mortgager will authorize the mortgagee to take immediate possession.

EXCEPTIONS from the District Court, HATHAWAY, J.

TROVER for a mare.

The plaintiff claims under a mortgage made to him by one Garland to secure a note payable Dec. 1, 1847, which is yet unpaid. The mare was left in possession of Garland, and there was evidence, tending to show that by agreement Garland was to keep the possession until the pay-day of the note should arrive.

Prior to the pay-day, Garland sold the mare unconditionally to the defendant, and in November or December, 1847, the defendant offered to sell her to Bennett, who then took her and kept her for several months on trial. The plaintiff demanded her of the defendant in May, 1848, while she was in the possession of Bennett. The defendant's reply was, that he had sold her, but would get her back and restore her to the plaintiff, and afterwards on the same day he took her to the plaintiff's place and offered her to him.

The defendant offered to prove by parol testimony, that the intention of Garland was, not to convey to the plaintiff a

title to the mare, but only to make her a pledge for the security of the note.   This evidence was objected to, and was excluded.

The Judge instructed the jury, *that,* (the note being unpaid,) the plaintiff had sufficient title to maintain the suit; *that,* if Garland had authority from the plaintiff to keep and use the mare till pay-day of the note, yet his sale of her gave to the plaintiff the right to resume the immediate possession ; and *that* the defendant's offer to sell her  to Bennett  was evidence of a conversion by him.   The defendant filed exceptions.

*Waterhouse*, for the defendant.

1. We offered to prove, that it was not a mortgage, but a mere pledge which Garland intended to give.   A pledge does not pass the general property.   Though good against the pledgor, yet, if the property remain in his hands, it is invalid against purchasers.   2 Kent's Com. 581; 26 Maine, 531.

2. The plaintiff by the contract, was not entitled to the possession, until after a breach of the condition.   Till that time and for 60 days afterwards, Garland could lawfully sell the right of redeeming, and so could the defendant.   A sale by either would be no conversion.   *Vincent* v. *Cornell,* 13 Pick.  294.

3. The defendant's possession being rightful, there was no conversion.   A mere offer to sell is not a conversion.   " A mere purchase, in good faith, from one who has no right to sell, is not a conversion against the rightful owner, until his title is made known and resisted."   2 Greenl. Ev. sect. 642 and 644; 1 Fairf. 310 ; 18 Maine, 382.

*C. P. Brown*, for the plaintiff.

WELLS, J., orally.

The instrument was a mortgage in the regular and usual form.   Parol evidence was offered, to show that it was designed to be merely a pledge, and thereby control the written contract.   Such evidence was clearly inadmissible.

The unconditional sale by Garland, though prior to the pay-day of the note, was a violation of the trust reposed in him

by the plaintiff ; and gave to the plaintiff an instant right to reclaim the possession.

The instruction was that the sale or offer to sell by the defendant was evidence of a conversion. That fact when taken in connection with the proof of the demand and the non-delivery, constituted sufficient evidence of a conversion.

*Exceptions overruled.*