## KLINE *v.* SPAHR.

PROMISSORY NOTE.—*Action by Endorsee.—Pleading.—Copy.*—In an action upon a promissory note, by an endorsee against the maker, the complaint should aver its endorsement, but need not set out a copy thereof.

SAME.—*Payable in Bank.—Instruction to Jury.*—Where such note is payable in bank, and the defence is a want or failure of consideration, of which the plaintiff is alleged to have had notice at the time of such endorsement, if no evidence in support of such defence be offered, it is not error in the court to instruct the jury that such is the fact, and direct them to find for the plaintiff.

SAME.—*Note given for Patented Article.—Evidence.*—Evidence in such action, that, at the time such endorsement was made, the plaintiff knew that

such note had been given for a patented article, does not sustain such defence.

From the Jennings Circuit Court.

*J. Bundy* and *D. Overmyer*, for appellant.

*J. Overmyer*, for appellee.

PERKINS, C. J.—Suit by the endorsee of the payee, against the maker, of a promissory note.

The complaint averred the endorsement, but did not set out a copy of it. This was unnecessary. *Treadway* v. *Cobb*, 18 Ind. 36. The note was payable at a bank in this State. On the trial, the note was admitted in evidence, but was objected to on account of an alleged variance. We have carefully compared the copy in the complaint with the note given in evidence. There is no variance between them. There seems to be two copies of notes in the bill of exceptions. The true note was recognized on the trial by the parties as being in evidence.

The answer of the defendant was in three paragraphs.

First. General denial;

Second. That the note was given without consideration, of which plaintiff had notice; and,

Third. Failure of consideration, of which plaintiff had notice.

Reply in denial of the second and third paragraphs.

On the trial, the court gave this instruction, which was excepted to:

" The evidence in this case shows the plaintiff to have been a purchaser of the note in suit, in good faith, for a valuable consideration, before maturity; and there being no evidence to show that, at the time he became the owner of the same, he had any notice that the same was procured from the defendant by fraud or without consideration, you will find for the plaintiff, and assess his damages at the amount due on the note," etc.

This instruction was excepted to, and the giving of it is assigned for error. The objection urged to it is, that it

assumes that the plaintiff had no notice as to the consideration of the note. As a general rule, all questions of fact arising upon the evidence should be left to the jury. But it is held not to be error, where there is no evidence tending to prove the existence or non-existence of a material fact, for the court to say so to the jury. *Steinmetz* v. *Wingate*, 42 Ind. 574, and cases cited.

In this case, we have carefully read the evidence, and can say, that all the notice the plaintiff is shown to have had, as to the consideration of the note, was the simple fact that it was given for a manufactured article on which there was a patent, but what patent, or the character of it, not a word of testimony nor a particle of documentary evidence was produced on the trial. If this evidence tends to prove a want, etc., of consideration, the above instruction was wrong. If it does not, it was right. We think the instruction was right. *Walker* v. *Woollen*, 54 Ind. 164.

There is no error in the case.

The judgment is affirmed, with costs.