No. 9672.

## KENNARD *v.* HARVEY ET AL.

LANDLORD AND TENANT.—*Statutory Lien on Crop for Rent.*—Under the provisions of section 17, of the act of May 20th, 1852, regarding landlords, tenants, lessors and lessees, as such section was amended by an act approved March 11th, 1875 (2 R. S. 1876, p. 342; section 5224, R. S. 1881), the landlord has a lien upon the crop raised on the leased premises, under the tenant's contract for the payment as rent either of a part of such crop or of a cash rent.

SAME.—*Purchaser of Crop from Tenant.—Notice of Landlord's Lien.*—The purchaser of the crop from the tenant is bound to take notice of the statutory lien of the landlord thereon, for the payment of the rent due or to become due to him from his tenant, and such purchaser can not acquire any better title to such crop than his vendor had. The removal and sale of such crop, by such purchaser, will amount to a conversion thereof, and, in such case, the purchaser will be liable to the landlord for the value of the crop so converted, to the extent of the rent due or to become due from such tenant.

SAME.—*Suit by Alienee of Lessor.—Parties.—Pleading.—Exhibits.*—In a suit by the alienee of a lessor for the collection of rent, or the enforcement of the landlord's statutory lien on the crop, against the tenant or the purchaser from him of such crop, the lessor is not a necessary party to the action, nor is it necessary, in such suit, that such alienee should file with or make part of his complaint, either his deed from the lessor or his assignment of the lease or copies thereof.

From the Henry Circuit Court.

*J. Brown* and —— *Brown*, for appellant.

Howk, J.—In this case, the appellant, as plaintiff, sued the appellees, as defendants, in a complaint of two paragraphs. The appellees, separately and severally, demurred to each of the paragraphs, upon two grounds of objection, to wit: 1. That it did not state facts sufficient to constitute a cause of action; and 2. For an apparent defect of parties in this, that one Robert L. Polk was a necessary party defendant. These demurrers were overruled as to the appellee Mahlon D. Harvey, but were severally sustained as to the appellees Thomas Loer and Harvey Davis, as to each paragraph of the complaint, and to each of these latter rulings the appellant ex-

cepted. Declining to amend or plead further, the court rendered judgment against the appellant for the appellees' costs.

Errors are assigned by the appellant, upon the decisions of the circuit court, in sustaining the appellees' demurrers to each paragraph of her complaint.

In the first paragraph of her complaint, the appellant alleged in substance, that, on the 4th day of February, 1878, the appellee Mahlon D. Harvey, leased in writing of one Robert L. Polk the farm and premises, described in the written lease, a copy of which was therewith filed; that the said Harvey stipulated in said lease, among other things, that he would pay the said Robert L. Polk the sum of seven hundred dollars, as cash rent for said premises for the year 1880, on or before the 1st day of January, 1881, with ten per cent. interest after maturity, and waiving valuation laws; and that, after the execution of said written lease, to wit, on March 1st, 1878, the said Robert L. Polk sold and conveyed said real estate to the appellant, and then and there sold, assigned and delivered to her the said written lease. The appellant further averred, that the said Mahlon D. Harvey cultivated and raised upon said farm, in 1880, eight hundred bushels of wheat, and sold the same to the appellees Davis and Loer, then partners in buying and selling grain, and the said wheat was then of the value of one dollar and twenty cents per bushel, and was all the wheat raised on said farm, in said year; and that the said Harvey cultivated and raised upon said farm, in said year, 2,400 bushels of corn, all of which he converted to his own use, being of the value of seven hundred dollars; which said crops were all that were raised upon said farm, in said year; that the said Harvey failed and refused to pay the appellant the said sum of seven hundred dollars, or any part thereof, although he well knew that she had become and was the owner of said land and lease, long before he had sown any of said crop, and that said sum was due and wholly unpaid; and that the said Harvey removed from the leased premises all of the said wheat, and disposed of the same to

the appellees Davis and Loer, by the sale thereof to them, and that they shipped the wheat out of the country, and sold the same in a foreign country; and that the said Harvey was notoriously insolvent. The appellant averred, therefore, that she had and held a lien on said wheat to secure the payment of said rent; and that, by reason of the facts alleged therein, a right of action had accrued to her against the appellees Davis and Loer. Wherefore she demanded judgment against them for eight hundred and fifty dollars.

The only material difference, between the allegations of the first, and those of the second paragraph of the complaint, is that in the second paragraph, in addition to the averments of the first paragraph, it was alleged in substance, that during all the time the appellee Harvey was engaged in harvesting, threshing and hauling away the said wheat, the appellant resided in a remote part of the county from said farm, and had no knowledge that any part of said wheat was being disposed of; and that, when the said Harvey disposed of said wheat to the appellees Loer and Davis, they well knew that the said Harvey was a tenant upon the appellant's farm.

It will be readily seen, we think, that the question presented by the alleged errors of the circuit court, in sustaining the demurrers of the appellees Loer and Davis, to each of the paragraphs of appellant's complaint, depends for its proper decision upon the construction which must be given to the provisions of section 17, of the act of May 20th, 1852, "containing several provisions regarding landlords, tenants, lessors and lessees," as such section was amended by an act approved March 11th, 1875. Acts of 1875, Reg. Sess., p. 106; 2 R. S. 1876, p. 342. This section 17, as originally enacted, simply provided that "Rents from lands are collected as other debts." 2 G. & H. p. 360. The amended section 17 was the law of this State, during all the time covered by the allegations of the appellant's complaint, and it provided as follows:

"In all cases where the tenant agrees to pay, as rent, a part of the crop raised on the leased premises, or a cash rent,

the landlord shall have a lien on the crop raised, under such contract, for the payment of such rent: *Provided,* That nothing herein contained shall prohibit the tenant from removing from such leased premises, and disposing of so much of said growing crop, not more than his part, when the rent is to be paid in part of the crop raised, and in other cases, not more than one-half of the crop growing or matured."

Upon the facts stated in each paragraph of the complaint, in the case at bar, it is very clear that the statute quoted gave the appellant a specific lien on the crop raised on her farm by her tenant Harvey during the year 1880. As the rent reserved was, by the terms of the lease, a cash rent, the statute also, by strong implication, prohibited the tenant Harvey from removing from the leased premises, the " one-half of the crop, growing or matured." In view of these statutory provisions, of the specific lien thereby given the appellant upon the crop raised on her farm by her tenant Harvey for the payment of the cash rent reserved to her under the lease, and of the prohibition implied therein against the tenant's removal from the leased premises of the one-half of the crop growing or matured thereon, we are of the opinion that each paragraph of the complaint stated facts sufficient to constitute a cause of action, in favor of the appellant and against the appellees Loer and Davis.

In some of its features, the case now before us is not unlike the case of *Duke* v. *Strickland,* 43 Ind. 494. In that case it appeared that one Hosier had executed to Duke a mortgage on ten acres of growing wheat to secure the payment of a note of $500, due on December 25th next ensuing, and that the mortgage had been duly recorded, in the recorder's office of the proper county, on the day of its execution. Afterward, the mortgagor, without the knowledge or consent of the mortgagee, harvested, threshed, removed and sold the wheat to Strickland, who had converted the same to his own use, and mixed it with other wheat, and shipped and sold it in a foreign market. Upon these facts, this court held, that the title to

the wheat had vested in the mortgagee Duke, and that the record of his mortgage was constructive notice of his title to the purchaser Strickland. It was further held, in the same case, that the mortgagee could recover of the purchaser the value of the wheat, by parol proof that it was the same wheat that was mortgaged, although the purchaser had bought the wheat in the usual course of trade, and without actual notice of the mortgage.

The principal difference, as it seems to us, between the case cited and the case at bar, in so far as the liens in two cases are concerned, is that the lien of the mortgagee, in the former case is the result of contract, while in this case the lien of the landlord is expressly and specifically given by the statute, without reference to the contract of the parties. This difference does not affect the question now under consideration. The appellees Loer and Davis, by their purchase of the wheat, could not and did not acquire any better title thereto than their vendor had, and he, as the appellant's tenant, held said wheat subject to the specific lien, which his landlord had thereon under the statute, for the payment of the cash rent due or to become due from him as such tenant. The removal and sale of the wheat by Loer and Davis, in a foreign market, amounted to a conversion thereof, and they became liable to the appellant for the value of such wheat.

The original lessor of the farm, Robert L. Polk, was not a necessary party defendant in this action. In section 10, of the aforesaid act of May 20th, 1852, it is provided that "Aliences of lessors and lessees of land, shall have the same legal remedies in relation to such lands, as their principals." 2 R. S. 1876, p. 341. There can be no doubt, therefore, in regard to the right of the appellant, as the alienee of Polk, to maintain this action in her own name, without making her grantor or assignor a party to the action. Nor was it necessary that the appellant should make either her deed from Polk or his assignment of the lease to her a part of her complaint. The deed and the assignment of the lease would be proper and, per-

haps, necessary items of evidence on the trial of the cause; but neither of them was, in any sense, a part of the appellant's cause of action, as stated in each paragraph of her complaint. In this respect, the case before us is similar to that of a suit by the assignee of a promissory note against the makers thereof. In such cases this court has often decided that a copy of the assignment is not a necessary part of the complaint. *Tread-way* v. *Cobb*, 18 Ind. 36; *Tilman* v. *Harter*, 38 Ind. 1; *Kline* v. *Spahr*, 56 Ind. 296.

Our conclusion is, that the court erred in sustaining the appellees' demurrers to each of the paragraphs of the appellant's complaint.

The appellees have not favored this court with any brief or argument in support of the rulings below, in their favor, and we are not informed of the grounds upon which those rulings were made.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the demurrers to each paragraph of complaint, and for further proceedings not inconsistent with this opinion.