## MILLER v. WOLBERT ET AL.

1. **Mortgage of Homestead:** FRAUD OF HUSBAND TO SECURE WIFE'S SIGNATURE. Where nothing was done to prevent a wife from reading a mortgage on her homestead, or to mislead her in regard to its contents, and it is certain that she intended to sign the paper which was presented to her for her signature, the fact that the husband made a false representation to her as to the nature of the debt to be secured thereby will not invalidate the mortgage in the hands of the mortgagee, if he was innocent of the fraud.

2. **Parties to Actions:** PARTY IN INTEREST: OWNERSHIP OF NOTE SUED ON. Where plaintiff's attorneys, in settling a claim, took the two notes in suit, payable to themselves, and it was agreed that they were to have the amount of the smaller note as their fees, but it was not agreed that they should have the note itself, and they indorsed both notes to plaintiff, *held* that this did not show that one of the notes was owned by the attorneys, nor that plaintiff was not the real party in interest in the action to collect the notes.

*Appeal from Adair Circuit Court.*

SATURDAY, MARCH 19

ACTION upon two promissory notes, and to foreclose a mortgage executed by the defendant Harry Wolbert, and his wife, Melissa Wolbert, upon their homestead. There was a decree for the plaintiff, and the defendants appeal.

*Gow & Hager,* for appellants.

*Grass & Storey,* for appellee.

ADAMS, CH. J.—The defendants admitted the execution of the notes and mortgage, but averred that the signature of

1. MORTGAGE of homestead: fraud of husband to secure wife's signature.

Melissa Wolbert to the mortgage was obtained by fraud; that the mortgage, being executed upon the defendants' homestead, had no validity. The facts appear to be that the defendant Harry Wolbert was charged with being the father of a bastard child born to Martha Miller, for whose benefit this action is brought. Grass & Storey, attorneys at law, were employed by her father, Nelson Miller, to obtain a settlement

with the defendant Harry Wolbert of his liability for the support of the child. They did obtain such settlement, and in pursuance of it, the defendant Harry executed the notes and mortgage in question. Mrs. Wolbert was not told what the nature of the claim made against her husband was. She was told in a general way, by her husband, that it was an old claim which had come against him, and, while he had supposed that it was settled, he had not taken a receipt, and he had the claim to pay over again. She avers that these representations were made at the instigation of Mr. Grass, of the firm of Grass & Storey; that they were not true; that she was misled by them, and induced to sign the mortgage in reliance upon them. But, in our opinion, the evidence shows that, whatever may have been said to Mrs. Wolbert by her husband, Mr. Grass was not guilty of instigating any false representations. According to Mr. Grass' testimony, he said to Wolbert that he might say to his wife that the claim was one which Grass & Storey had against him, and that it had to be fixed up, or it would make him some trouble. We see no reason to doubt the correctness of this testimony. It is true that he is contradicted to some extent by Wolbert, but Wolbert's honesty and credibility are more or less impeached by his own testimony. He sets up his own fraud upon his wife to defeat the mortgage, and endeavors to make Grass a party to it. The presumption is that Grass was not a party to it, and we cannot hold that he was, without something more to contradict his testimony than the evidence discloses. Now, it is not material what fraud Wolbert may have perpetrated upon his wife. Such fraud, if any, did not affect the mortgage in the hands of the payee of the notes, if he was innocent of the fraud. It was in just reliance upon her signature that the settlement was made, and the claim adjusted.

There was some evidence tending to show that she did not know what she signed, and it is claimed that the mortgage is void for that reason. But it is certain that she intended to sign the paper which was presented to her for her signature,

and there is no pretense that anything was done to prevent her from reading it, or to mislead her in regard to its contents.

We think that the judgment of the circuit court must be

AFFIRMED.

#### SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

ADAMS, CH. J.—The defendants in their answer denied that the plaintiff was the owner of the notes in question. **2. PARTIES to actions: party in interest: ownership of note sued on.** In a petition for a rehearing, it is insisted that the evidence shows that at least one of the notes was owned by Grass & Storey, the plaintiff's attorneys. The fact appears to be that the notes were taken in the name of Grass & Story, and it was agreed that they should have the amount of the smaller for fees, and both notes, we infer, were retained in their possession. But the notes were given in settlement of a claim due the plaintiff, and were her property. They were made payable to Grass & Storey at the request of the maker. They were soon afterwards properly indorsed by the payees, not for the purpose of transferring any property in the notes, but because they belonged already to the plaintiff, and it was her right to have them indorsed for that reason. If they remained in Grass & Storey's possession, they were simply held by them as her attorneys. While it is true they were to have the amount of the smaller note, it does not appear to have been understood that they were to have the note itself as their property. That was indorsed, as well as the larger one, and both were treated in the same way. It may be that Grass & Storey had the right to hold the smaller note until they should be paid their fees. But we see nothing more. The plaintiff, then, we think, is the real party in interest, so far as both notes are concerned, and we see no evidence tending to show otherwise. We did not notice the question in our opinion, because it is a mere question of fact, and the evidence seemed so clear as to afford no ground for controversy.

The petition for a rehearing must be OVERRULED.