RUBELMAN v. RUMMEL ET AL.

1. **Homestead**: INCUMBRANCE: VALIDITY: FRAUD ON WIFE. The fraudulent representations made by a husband to his wife to induce her to sign and concur in an incumbrance of the homestead for the purpose of securing his creditors, will not invalidate the security in the hands of the creditors, where they had no part in the fraud, and no knowledge of it. (See opinion for authorities.)

2. ———: DISPOSAL OF: ASSIGNMENT OF TITLE BOND. A written assignment of a title bond for the homestead, signed and concurred in by both husband and wife, is a valid disposal of the homestead, under § 1990 of the Code.

3. **Mortgage**: WHAT IS IN EFFECT: FORECLOSURE. The conveyance of the legal title of land for the purpose of securing the grantee, with a separate agreement to reconvey upon payment of the secured debt, is only a mortgage in effect, and may be foreclosed as such, under § 3329 of the Code.

*Appeal from Guthrie Circuit Court.*

THURSDAY, JUNE 16.

ACTION in equity to foreclose the defendants' equity of redemption to certain real estate. Judgment for the plaintiff, and the defendants appeal.

*John B. Hunter* and *H. A. Hoyt*, for appellants.

*Mitchell & Dudley*, for appellee.

SEEVERS, J.—In 1883 the defendant D. G. Rummel purchased of the Milwaukee Land Company a lot in the town

**1. HOME-STEAD: in-cumbrance: validity: fraud on wife.** of Van Nest, and the company gave him a title bond, agreeing to convey the lot to him upon the payment of the purchase-money. The defendants are husband and wife, and caused a building to be erected on the lot, and occupied the same as their homestead. The plaintiff is a member of a mercantile partnership, to whom D. G. Rummel was indebted, and of whom he desired to purchase more goods; and for the purpose, as the plaintiff claims, of securing said indebtedness, the defendants assigned said title bond to the plaintiff, and authorized him to pay the purchase-money due the land company, and receive from it a title conveying said premises to the plaintiff. The latter paid the purchase-money, and the premises in controversy were conveyed to him, and he afterwards executed a writing, whereby he bound himself to convey said premises to D. G. Rummel, upon the payment in one year of the amount that was due the partnership, and the money advanced as purchase-money and expenses. This action was brought to foreclose the equity vested in the defendants by virtue of such writing. It is insisted by Mrs. Rummel that the assignment of the title bond was obtained from her by fraud, and she tendered the amount paid the land company by the plaintiff and asked that the title of said lot be vested in her upon the ground that the same was, and continued to be, her homestead. The court below found and rendered judgment for the plaintiff.

I. It may be that D. G. Rummel made certain false representations which induced his wife to concur in and execute the assignment of the title bond, but as to this there is some doubt. It is, however, clear and certain, as we think, that

the plaintiff or the partnership did nothing that can be con-
strued as being of a fraudulent character, nor did he or said
firm have any knowledge of the fraudulent representations,
if any there were, of D. G. Rummel. Such fraud cannot
have the effect to deprive the plaintiff or the partnership of
any substantial right. *Edgell v. Hagens*, 53 Iowa, 223;
*Ætna Life Ins. Co. v. Franks*, Id., 618; and *Miller v. Wol-
bert*, 71 Iowa, 539, are decisive of such question. The assign-
ment of the title bond was signed and concurred in by both

2. ———: dis-
posal of: as-
signment of
title bond.
husband and wife, and, being in writing, amounted
to a conveyance or incumbrance of the home-
stead, and therefore comes within the statute,
and it must be regarded as a valid disposal of the homestead.
(Code, § 1990.)

II. It will be observed that the legal title was vested in
the plaintiff, but in equity it must be held to be a mortgage,

3. MORTGAGE:
what is in ef-
fect : fore-
closure.
for the reason that such was clearly the under-
standing and agreement. In our opinion, the
writing executed by the plaintiff expresses the
contract between him and D. G. Rummel, and it is such a
writing as is contemplated in section 3329 of the Code; and
therefore this action was properly brought under that section
to foreclose and sell the defendants' interest in the real
estate.                                            AFFIRMED.