## CAMPBELL ET AL. v. BOWEN.

[No. 2,843. Filed June 28, 1899.]

LANDLORD AND TENANT.—*Lien.—Purchaser of Grain from Tenant Must Take Notice.*—One purchasing grain of a tenant is bound to take notice of the landlord's statutory lien for his share of the crop under the lease. *p. 564.*

SAME.—*Lien.—When Purchaser of Farm Products is Liable to the Landlord for Conversion.*—Where a tenant, without the consent of the landlord, sells the crops raised on the leased premises, not retaining enough, in kind, of the various crops to pay the landlord his share of the crops as provided by the lease, and the purchaser commingles the same with other like products so that its identity is lost, the purchaser is liable for conversion. *p. 567.*

SAME.—*Authority of Tenant to Sell Crops.*—A contract between a landlord and tenant stipulating that the tenant shall deliver the crops raised at designated places does not of itself authorize such tenant to sell the crops. *p. 568.*

From the Clinton Circuit Court. *Affirmed.*

Campbell *v.* Bowen.

*John C. Farber*, for appellants.

*H. C. Sheridan*, for appellee.

WILEY, J.—Appellee sued appellants and one John Calhoun for conversion. The complaint is in three paragraphs. The first paragraph avers that Calhoun was the tenant of appellee, under a written lease; that the premises occupied under said lease by Calhoun was a farm owned by appellee; that by the terms of said lease Calhoun was to pay appellee two-fifths of all crops grown upon such farm, the same to be delivered to him at Sedalia, Moran, or Frankfort, at the option of appellee, and as directed by him. It is further averred that said Calhoun, during the year 1897, raised on said farm wheat, oats, and clover seed; that appellee's two-fifths of the wheat was twenty bushels; that his two-fifths of the oats was ninety-two bushels; and that his two-fifths of the clover seed was six bushels. It is then averred that Calhoun hauled said wheat, oats, and clover seed to Frankfort, and sold the same to appellants, who were partners in buying and selling grain; that said Calhoun did not retain other wheat, oats, and clover seed with which to pay said rent, or any part thereof; that appellants paid him therefor ninety cents per bushel for the wheat, sixteen cents per bushel for the oats, and $3.25 per bushel for the clover seed; that appellants took possession of said grain, and mingled the same with other grain of like kind in their warehouse, and that all of said grain was of the value of $52.80. It is then averred that appellee made a demand upon appellants for payment, which was refused, and that Calhoun was, and still is, insolvent, etc. The second paragraph simply avers that appellee was the owner of the property described in the first paragraph; that it was in the possession of Calhoun; that he unlawfully, and without right, delivered the same to appellants; that they unlawfully converted it to their own use, and mingled it with other like grain of their own, so it could not be identified, to appellee's damage, etc. The third para-

graph of complaint is so like the first that it is unnecessary to set it out at length.

The appellants demurred to each paragraph of complaint, and based their demurrer upon two grounds of objection: (1) That there was a defect of parties plaintiff, in that Calhoun should have been made a party plaintiff; (2) that the complaint, nor neither paragraph thereof, stated facts sufficient to constitute a cause of action. This demurrer was overruled, to which ruling appellants excepted, and they answered by general denial. Appellee dismissed as to Calhoun. Trial by jury, resulting in a verdict in favor of appellee, and over appellants' motion for a new trial judgment was rendered against them on the verdict. They have assigned as errors the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial. The first ground of objection to the complaint, viz., that there was a defect of parties plaintiff, has been waived by appellants in their failure to discuss it. We will now consider the objection that the complaint does not state facts sufficient, etc. It is evident that the first and second paragraphs of complaint proceed upon the theory of the right of appellee as landlord, to hold and enforce his statutory lien as a security for his rent. Under the averments of these paragraphs, appellee was entitled to two-fifths of the crops raised on his farm by Calhoun, the same to be delivered at a designated place. His ownership of the property depended upon his rights under the lease, and the right given him by statute. By the express terms of section 5224 Horner 1897, the landlord has a lien upon the crop raised on the leased premises under the tenant's contract for the payment of rent, whether such rent is to be paid by a part of the crop, or in cash. The tenant can not devest the landlord of such lien without his knowledge or consent. If the tenant sell the landlord's share of the crop, without his permission, he may recover such share, or value, from the purchaser, for the purchaser can not acquire a better title to the crop than the tenant had.

Also, the purchaser is bound to take notice of the statutory lien which the landlord has upon the crop for the payment of rent due or to become due. The law was so declared in *Kennard* v. *Harvey*, 80 Ind. 37. That case was very similar to this. There the rent to be paid was cash, and it was averred in the complaint that the tenant sold the entire crop to appellees, Loer & Davis, who removed the same, and sold it in a foreign market. It was held that that was a conversion of the grain, and rendered them liable to the landlord for its value. Here the rent was to be paid in kind, and from the complaint, which must be taken as true for the purposes of the demurrer, the tenant sold the appellee's share to the appellants, and they mingled it with like grain of their own, so that it could not be distinguished. We must hold that such acts amounted to a conversion. In *Kennard* v. *Harvey, supra,* the court said: "Upon the facts stated in each paragraph of the complaint * * * it is very clear that the statute quoted gave the appellant a specific lien on the crop raised on her farm by her tenant Harvey. * * * As the rent reserved was, by the terms of the lease, a cash rent, the statute, also, by strong implication, prohibited the tenant Harvey from removing from the leased premises, the 'one-half of the crop, growing or matured.' In view of these statutory provisions, of the specific lien thereby given the appellant upon the crop raised on her farm by her tenant Harvey, for the payment of the cash rent reserved to her under the lease, and of the prohibition implied therein against the tenant's removal from the leased premises, of the one-half of the crop growing or matured thereon, we are of the opinion that each paragraph of the complaint stated facts sufficient to constitute a cause of action, in favor of the appellant and against the appellees Loer and Davis."

It is argued by appellants that the complaint is defective, because it fails to aver that Calhoun did not have corn sufficient remaining on the leased premises with which to pay appellee the entire rent. It is a sufficient answer to this to

say that the complaint does aver that Calhoun did not retain other wheat, oats, and clover seed with which to pay the rent, or any part thereof. So far as it appears from the complaint, there was no corn raised on the land, and, in any event, as the rent was to be paid in kind, Calhoun could not out of the corn, if there was any, pay two-fifths of the wheat, oats, and clover seed, without the consent of the appellee. Under the decision in *Kennard* v. *Harvey, supra,* which is in point, the first and third paragraphs of complaint must be held good. Appellants were bound to take notice of the landlord's statutory lien, and actual notice was not necessary. The second paragraph of complaint is a simple count for conversion. Appellants have not pointed out any tenable objection to it, and we are unable to discover any. There was no error in overruling the demurrer to each paragraph of the complaint.

Appellants next discuss the overruling of their motion for a new trial. The third, fourth, fifth, and sixth grounds of the motion may be considered jointly, for they are based upon the alleged facts that the verdict is not sustained by sufficient evidence and is contrary to law. Appellants' learned counsel enter upon the discussion of this question by asserting that there was a failure of proof to sustain the verdict. After an examination of the entire record, which contains the evidence, we are unable to agree with counsel in this assertion. On the contrary, there is an abundance of evidence to support the verdict. The evidence shows that John R. Calhoun was the tenant of Abner T. Bowen, under a written lease; that by the terms of the lease he was to pay rental in kind, in fixed and designated shares; that such rent was to be delivered by the lessee to the lessor at designated places; that the lessee raised certain crops on the leased premises; that he did not pay his rent in kind, or otherwise; that he sold and delivered to appellants certain of the crops belonging to the lessor, and did not retain sufficient thereof to pay his rent. There is evidence in the record from which the jury

might, and doubtless did, find all these facts in favor of appellee, and, there being such evidence, we cannot disturb the judgment on this ground. It would not serve any useful purpose to set out the evidence at length; for, when we have determined the fact that there.is evidence to sustain the verdict, we cannot consider the question of its weight or preponderance. The verdict must stand, unless it appears that reversible error has prejudiced the rights of the appellants.

The seventh, eighth, ninth, tenth, and eleventh reasons for a new trial are that the court erred in giving certain instructions. Instruction number four complained of is not objectionable, but plainly and concisely states the law. In this instruction, the jury were told, where a tenant agrees to pay rent in kind or in cash, the landlord has a lien on the crop for the payment of the rent; also that the tenant may, after notice in writing, remove from the leased premises his own part of the crops and dispose of the same whenever the rent is to be paid in kind, but that in no other case may he remove more than one-half of the crops, etc. This is a plain statement of the law, as defined by section 7105 Burns 1894.

In the fifth instruction the jury were told that, if a tenant, without the consent of his landlord, sells the crops raised on the leased premises, not retaining enough to pay the landlord's share, the landlord would retain his lien on the crops sold, and could recover the same from the purchaser, even though the purchaser did not know that such rent was unpaid; and that, if the purchaser commingled the same with other like products, so that its identity is lost, or if such purchaser has sold and disposed of the same, then such purchaser would be liable for conversion, and the landlord would have the right to recover from such purchaser the value of such products, not to exceed the amount of the rent due. We are unable to see any objection to this instruction. On the contrary, it is in harmony with both the letter and the spirit of the statute (section 7105, *supra*) and the authorities cited in this opinion in support of the sufficiency of the complaint. It is a

remarkably clear and plain statement of the law. Instruction number six is almost identical with the fifth, and need not be further noticed or discussed.

In instruction seven the court told the jury that, if a landlord authorizes his tenant to sell the crops, and account to him for the proceeds, then the landlord waives his lien, and could not recover the value thereof from the purchaser, even though the rent was not paid. It was also further stated in this instruction that an authority generally to sell would authorize the tenant to sell. We think this instruction not only states the law correctly, but is exceedingly favorable to appellants. There was in this case some attempt to show that appellee had authorized his tenant, Calhoun, generally to sell the crops and account to him for his share of the proceeds, and in the instruction we are now considering the jury were told that it was for them to determine from all the evidence whether appellee did or did not authorize or consent to the sale by the tenant to appellants. The instruction was correctly given.

By instruction number eight the court told the jury that a contract stipulating that a tenant should deliver the crops raised at designated points would not of itself authorize such tenant to sell the crops. This is certainly the law, and needs no argument or discussion to support it. There was no error in giving this instruction.

The twelfth and thirteenth grounds for the motion for a new trial are that the court erred in refusing to give instructions two and three tendered by appellants. From an examination of these instructions, when considered in connection with the instructions given and the entire record, we cannot see that there was any reversible error in refusing them. They are somewhat lengthy, and to set them out and discuss them in detail would extend this opinion to an unnecessary length, and be wholly useless.

The fourteenth reason assigned for a new trial is that the court erred in admitting and rejecting certain evidence.

After a careful examination of the several questions thus presented we have reached the conclusion that the court did not err in its rulings upon the admission and rejection of the evidence to which the motion applies. It appears from the entire record that the cause was fairly tried, a proper conclusion reached, and that there is no error for which the judgment should be disturbed.

Judgment affirmed.