## FIRST NATIONAL BANK v. SORENSON
(No. 1068; August 14, 1923; 217 Pac. 948.)

PLEADING—AMENDMENTS—MOTION TO STRIKE—CHATTEL MORTGAGES —CONVERSION—ATTACHMENT LIEN—APPEAL AND ERROR—ORDER OF SALE—JUDGMENT—EXCEPTIONS—PARTIES.

1.  An amended petition filed before answer without the notice required by Comp. Stats. 1920, Sec. 5704 may be stricken.
2.  Denial of motion to strike an amended petition filed before answer without notice, was tatamount to permission to file such amended petition at the time of such denial, the court having general authority to permit amendments, and inasmuch as defendant was given ample time to answer, no prejudice could have resulted from the action of the court.
3.  A pending attachment does not limit the authority of the court to permit in its discretion, an amendment of the petition in the cause, and permission to amend a petition failing to state a cause of action, in such a case is not improper.

4. In an action by a bank against a motor company wherein the original petition alleged that plaintiff acquired a particular automobile, describing it, by bill of sale from defendant, and that plaintiff thereupon delivered the car to possession of defendant, to be held for the use and benefit of plaintiff, and the defendant wrongfully converted it to his own use by selling it, and an amended petition alleged only a special ownership therein, stating that the bill of sale by which plaintiff acquired title was intended to secure the payment of money due plaintiff from defendant, particularly a note on which some payments were admitted, the court did not err in refusing to strike the amended petition on the ground that it substantially changed plaintiff's claim as set forth in the original petition.

5. An amended petition in an action for the conversion of an automobile alleging title acquired from defendant by bill of sale and a redelivery of the automobile to defendant to hold for the use and benefit of plaintiff as security for a debt owed plaintiff by defendant, was not demurrable on the ground that it failed to state a cause of action in not alleging title or right of possession in the plaintiff.

6. A ruling of the trial court based on oral evidence on a hearing upon a motion to dissolve an attachment is not reviewable unless such evidence be included in the record.

7. Comp. Stats. 1920, Sec. 6151 contemplates that an acquired attachment lien continues where judgment is rendered for plaintiff and the fact that an order of sale is not embodied in the judgment, will not defeat such lien nor require a second hearing as to the validity of the grounds of attachment, when that matter has been fully heard upon motion to dissolve, or to again make findings relating thereto.

8. Assignments of error relating to the exclusion of evidence cannot be considered where the record does not show a reservation of exceptions to the action of the court thereon.

9. Refusal to permit defendant's wife to come in and claim ownership of attached property is not reviewable on appeal by defendant where defendant's wife is not a party to the appeal.

Appeal from District Court, Weston County; H. P. Ilsley, Judge.

Action by the First National Bank of Newcastle against Carl Sorenson, doing business as the Niobrara Motor Company. There was a judgment for the plaintiff and defendant appeals.

*M. B. Camplin* for appellant.

The court erred in denying defendant's motion to strike the amended petition which was filed before answer and without notice; C. S. 5704; a motion to dissolve the attachment was pending; after filing the amended petition, the new attachment was issued. The motion should have been sustained; (60 O. S. ——; 49 Bull. Supp. 51) the amended petition changed plaintiff's claim from a bailment tort to a claim based on contract; the attachment could not have been sustained under the original petition, (I Kinkead Cd. Pl. 127). Tort cannot be changed to contract; (Cox v. R. R. Co. 87 Ga. 747; Carmichael v. Argard, 52 Wis. 607.) Or contract to Tort. Link v. Jarvis, 33 Pac. 206, subsequent causes of action cannot be brought in. (Randall v. Christianson, (Ia.) 51 N. W. 253.) The petition cannot be amended to set up a new cause of action after service. (Smead v. Chrisfield Cinti. 1. Handy Sup. Ct. 573.) The cause of action in the amended petition is different. (Hall v. R. R. Co. 51 N. W. 150); the amended petition relates back to a time when the debt is not due and no application was made or order given for attachment before debt due at the time of issuance. (Kinkead Cd. Pl. 131.) An amendment requires something to amend; neither the original or amended petition state a cause of action; neither allege title or right of possession, demand or damages; a bill of sale, does not confer title, being merely evidence of transfer of possession. The amended petition shows defendant rightfully in possession, the action cannot be maintained when a debt shown not to be due; (12 O. D. 684; 1 Kinkead Cd. Pl. 464; 1 Whittaker's Cd. F. 184, 21 Ency. Pl. & Pr. 1087; Boone Cd. Pl. 136; Bishop Non-Cont. Law, Sec. 396; Smith v. Force, 31 Minn. 119, 16 N. W. 704; Binn v. Baker, 32 Pac.

1008; Harrington v. Stromberg, 74 Pac. 413; Clark v. Draper, 19 N. H. 419; Cooley, Torts 442.)

The court erred in discharging the attachment on the ground, that it was levied on the property of defendant's wife. (12 O. S. 189; Stanley v. Foote, 9 Wyo. 335,) and in denying her motion, made for said purpose. (Wichita Co. v. Record, 19 Pac. 346; Kendall Co. v. August, 32 Pac. 635, Dolan v. Topping, 32 Pac. 1120.) The rights of all parties should be determined in a single action. (Fisher v. Hopkins, 4 Wyo. 379.) The court erred in excluding evidence as to the ownership of the car; a general denial puts in issue, both the conversion and plaintiff's title or right of possession. (*2 Whit. Cd. Forms 939, 1 Cyc. Pl. & Pr. 821.*) The return on attachment was illegal. (18 Kans. 114, 21 Kans. 475, 3 Neb. 218, Hyde v. Kent, 47 Neb. 28, Winter v. Hughes, 24 Pac. 760.) It is in the writ required by law. (Blythe v. Swensen, 7 Wyo. 303.) The court erred in ordering the sale of the attached property about one month after final judgment, there being no order of sale embodied in the judgment. The court erred in rendering judgment for plaintiff.

*Raymond* and *LaFleiche* for respondent.

The notice of filing an amended petition required by 5704 C. S. is to enable defendant to know when to answer; the order overruling defendant's motion to strike the amended petition gave defendant an additional five weeks in which to answer; he was not prejudiced and the purpose of the statute was accomplished; (Moorman v. Schmidt, 69 O. S. 328 is not in point on the facts; demand is unnecessary before commencing an action for conversion where such demand would be useless; the assignment of error in denying the motion of defendant's wife for dissolution of the attachment is without merit, she not being a party to the cause; the action was brought against Carl Sorenson, her husband, doing business as Niobrara Motor Company, from whom plaintiff received a bill of sale of the automobile; appellant could not escape the consequence of his own act in convert-

ing the automobile by showing that he had no authority to sell it to plaintiff; jurisdiction was acquired by service of summons therein by attachment; the first attachment was dissolved, but the second attachment continued throughout the action; the order directing the sale of the attached property was made subsequent to judgment, and is not involved in this appeal, the notice of appeal being from the judgment; the attachment if ancillary to the main action, and merely holds the property until final judgment, the trial court is not required to make special findings of fact and conclusions of law, unless expressly requested; the findings and judgment of the trial court based upon conflicting evidence will not be disturbed on appeal.

Blume, Justice.

This action was brought by the First National Bank of Newcastle, as plaintiff, respondent here, against Carl Sorenson, doing business as Niobrara Motor Company, defendant, appellant here. The action was commenced on October 25th, 1920. The petition, after alleging the corporate capacity of plaintiff proceeds in substance as follows: That on June 20, 1920, plaintiff acquired by a bill of sale from the defendant the following chattel, to-wit: One 1920 model, six cylinder, four passenger Jones touring car, color red, with yellow wheels; that the plaintiff thereupon delivered the said motor car to the possession of the defendant to be held for the use and benefit of the plaintiff. That some time thereafter the defendant wrongfully, unlawfully and feloniously converted said motor car to his own use and bargained and sold the same to persons unknown to the plaintiff; the reasonable value of said car is $1600.00, which is due from defendant to plaintiff, and for which plaintiff asks judgment. A summons was issued and duly served on defendant the following day. A writ of attachment also was issued, which was subsequently quashed. On November 16th, 1920, and before answer day, plaintiff filed its amended petition in said cause, and after alleging the corporate capacity of the plaintiff proceeds at follows: That on June

20th, 1920, the plaintiff acquired by a bill of sale from the defendant the following chattel to-wit: (here describing the Jones car as described in the original petition); that thereupon the plaintiff delivered said motor car to the possession of defendant to be held for the use and benefit of the plaintiff. That some time thereafter, the defendant wrongfully, unlawfully and feloniously converted said motor car to his own use, and bargained and sold the same to persons unknown to plaintiff; that defendant, in making said sale, assumed to sell said automobile as his own and in derogation of plaintiff's interest therein and of plaintiff's rights, and made said sale with intent to hinder, delay and defraud the plaintiff. That said bill of sale was intended to secure to plaintiff the payment of all indebtedness then or thereafter existing or accruing from defendant to plaintiff, and particularly to secure a promissory note (set out in *haec verba*) dated October 4th, 1920, given by defendant to plaintiff for $1400.00 due in thirty days after date, on which some payments have been made, but leaving a balance due thereon of $1046.15; that the reasonable value of said car is $1600.00; that there is due plaintiff by reason of said conversion of said automobile the indebtedness aforesaid for which plaintiff asks judgment. A new writ of attachment was issued on the date of the filing of the amended petition which was duly served and levied upon certain property of the defendant. Judgment was entered herein for the plaintiff on June 22nd, 1922, from which the defendant appeals. Other facts are hereafter stated in connection with certain assignments of error of the appellant.

1. The amended petition was filed before answer day, and was doubtless intended to be filed pursuant to Section 5704, W. C. S. 1920, which provides that the plaintiff may amend his petition, without leave, at any time before the answer is filed, but that notice of such amendment shall be served upon the defendant, or his attorney. No notice of the filing aforesaid was given, and the defendant made a motion to strike said amended petition from the files for

that reason. The motion was overruled and the defendant was given the usual time to plead. This action of the court is assigned as error. The original petition could not be regarded as having been amended under the section of the statute mentioned until notice was served as therein provided. Moorman v. Schmidt, 69 Ohio St. 328, 69 N. E. 617; Bedell v. Baltimore & O. Ry., 63 Ohio Law Bulletin 4, 16 Ohio Law Rep. 125. When, therefore, no notice was given, as required, the amended petition was, perhaps, strictly speaking subject to be stricken. But the motion to strike was heard on March 10, 1921. The court at that time had ample authority to permit an amended petition to be filed under its general authority to permit amendments. When it accordingly refused to strike the amended petition from the files, it was tantamount to permission to file it as of that time. Bamforth v. Ihmsen, Admr., 28 Wyo. 282, 298, *et seq.*, 204 Pac. 345; 205 Pac. 1004 and cases there cited. Inasmuch as defendant was given ample time to file his answer, no prejudice could have resulted from the action of the court. The fact that an attachment was pending could not change the authority of the court to permit, in its discretion, an amendment to be made in the proper case. In fact we have held that an amendment capable to be made in accordance with the rules governing amendments will be considered as made, if necessary, in order to preserve an attachment. Finley v. Pew, 28 Wyo. 342, 354, 205 Pac. 310, 206 Pac. 148. Nor was it improper to permit the filing of the amended petition simply beause the original petition failed to state, as counsel claim, a cause of action. Finley v. Pew, supra.

2. A motion was also filed by the defendant to strike the amended petition for the alleged reason that it substantially changes the plaintiff's claim as set forth in the original petition. We are unable to concur in this view. The gist of the action, as set forth in both the original as well as the amended petition is the conversion of plaintiff's property, the injury to plaintiff arising from the wrongful sale

of the automobile.   The requirement of evidence to sustain that claim was not changed substantially by the amendment.   In the original petition plaintiff claimed to be the absolute owner of the property alleged to have been converted; a qualified or equitable ownership therein was claimed in the amended petition.   In either case, the ownership, the title of plaintiff, is based on a bill of sale made by defendant to plaintiff, and the main effect of the amended petition was to reduce the amount of claim made by the plaintiff.   It was held in McCandless v. Inland Acid Co., 115 Ga. 968, 42 S. E. 449, that where the original petition set up an absolute title, an amendment setting up an equitable title did not set forth a new and distinct cause of action.   We think that this is substantially the situation here, and that the same rule should be applied.

3.   The defendant filed a demurrer to the amended petition which was overruled.   It is claimed that the amended petition does not state a cause of action for the reason that it fails to allege either title or right of possession in the plaintiff.   It is clear, however, that title, i. e., special ownership, is sufficiently shown, but no allegation appears, unless supplied by an inference of law from the facts actually alleged, that the plaintiff was entitled to the immediate possession of the automobile in question.   It has been stated in cases involving conversion of property that where plaintiff is not in possession of the property at the time of the conversion, it is essential for him to allege that he has the right of immediate possession.   38 Cyc. 2068.   This statement, contained in numberless cases and authorities, is, we must confess, confusing, at first blush.   How far the rule is applicable in ordinary cases involving conversion we need not decide.   We shall confine our attention to the case at hand.   It was settled in the case of Cone v. Ivinson, 4 Wyo. 203; 33 Pac. 31; 35 Pac. 933, that a sale of mortgaged property in hostility to the mortgage is a violation of the mortgagee's rights; and upon such sale the mortgagee, at least when he is entitled to the immediate possession of the

property, may maintain an action against the mortgagor as for a conversion thereof. This is undoubtedly the general rule. 11 C. J. 624, 588; Jones, Chattel Mortgages, Sec. 460. In the Ivinson case the court held that the plaintiff had the right to the immediate possession of the property at the time of the conversion, and it was assumed, rather than decided, that such immediate right of possession was necessary to authorize the bringing of the action. The common law action of trover was a possessory action and hence unless the possession or right of possession was disturbed, it was not the proper form of action. Ashburner, Mortgages, Pledges & Liens, 267. The principal case, in which the rule herein contended for was announced, is Gordon v. Harper, 7 T. R. 10, 101 Engl. Rep. 828. In that case goods had been leased for a definite term. During that term, they were levied on under an execution against the lessee and sold. It was held that trover did not lie on behalf of the lessor for the reason that at that time he had no possession nor the immediate right thereto, and that the rights of the lessee could be levied on and sold. It must, however, be noted that the decision in that case is no authority for the position that no cause of action exists in favor of a party who is actually injured in his rights by conversion of property in which he has an interest. A number of cases, at least, as e. g. Gaulet v. Asseler, 22 N. Y. 225, holding that a lien holder, without immediate right of possession, cannot bring an action for property converted, must be interpreted in the light of the fact that the court held that the lien-holder was not injured. It would seem, and it has been held, that an action for the destruction or injury of a lien affects, not so much, if at all, the possession as the title to property. Gooding v. Shea, 103 Mass. 360; 4 Am. Rep. 563; Baals v. Stewart, 109 Ind. 371, 9 N. E. 403. The lien holder is entitled to have his rights protected. Gooding v. Shea, supra; Morgan v. Kidder, 55 Vt. 367. And where an actual injury was inflicted on the rights of the lien holder or one entitled to a revisionary

interest, the common law, though no immediate right of possession existed, afforded, nevertheless, a remedy at law by the action of trespass on the case. Heflin & Phillips v. Slay, 78 Ala. 180; Arthur v. Gayle, 38 Ala. 259; Merchant's & Planter's Bank v. Mayer, 56 Ark. 499, 20 So. 406; Googins v. Gilmore, 47 Me. 1, 74 Am. Dec. 472; Welch v. Whittemore, 25 Me. 86; Forbes v. Parker, 16 Pick. (Mass.) 462, 11 C. J. 9 and cases cited; 25 Cyc. 681. A sale of property in derogation of the rights of a lien-holder is an injury within the meaning of this rule, and hence an action on the case has been held to be proper in such case. Hall v. Snowhill, 14 N. J. L. 8. That should be true at least where a purchaser from a mortgagor would be fully protected against the claims of the lien-holder, which was the case here. See First National Bank v. Woodworth Co., 7 Wyo. 11, 49 Pac. 406. It has been intimated that in order to recover any damages in such case it must be shown that the plaintiff has been injured; that no such injury is shown unless it appears that the debtor is insolvent. Morgan v. Gilbert, 2 Flippin (U. S. 6th Cir.) 645, 2 Fed. 835 and cases cited; Manning v. Monaghan, 23 N. Y. 539; Gaulet v. Asseler, 22 N. Y. 225. Most of the courts, however, hold that the lien holder has a right to rely upon his lien and that the solvency or insolvency of the debtor is immaterial. Jones on Chattel Mortgages, §§ 448, 460, and cases cited. Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 717; Worthington v. Hanna, 23 Mich. 532; Case v. Campbell, 14 Or. 460, 13 Pac. 324; Moloughney v. Hegeman, 9 Abb. Prac. N. C. 403; Huelmantel v. Vinton, 112 Mich. 47, 70 N. W. 412. See note 43 A. S. R. 436. In the cases cited the action was brought against third parties, and whatever might be the rule in such cases, it is clear that to aid or shield a debtor himself, who has perpetrated the intentional wrong of depriving the lien holder of his security, by requiring a showing of his insolvency, would be to put a premium on fraud and dishonesty.

It would seem clear, therefore, that the common law afforded a remedy for a wrongful conversion which injured another. That remedy has not been lost under the Code which abolishes all forms of action previously existing, and substitutes but one form, called a civil action. It was not necessary, as we have seen, when the rule of common law pleading alone prevailed, that a party whose property was converted should in all cases, in order to recover, have possession or the immediate right of possession. The same is true at least to the same extent under the Code. This is clearly illustrated by the cases decided in Code states which uphold actions for conversion of property in derogation of a landlord's lien brought at a time when no immediate right of possession existed. Ward v. Gibbs, 10 Tex. Civ. App. 287, 293; 30 S. W. 1125; Zapp v. Johnson and Dick, 87 Tex. 641; 30 S. W. 861; Taylor v. Felder, 5 Tex. Civ. App. 417, 23 S. W. 480; 24 S. W. 313; Nickelson v. Negley, 71 Iowa 541; 32 N. W. 487; Merchant's & Planter's Bank v. Meyer, 56 Ark. 499, 20 So. 406; Kennard v. Harvey, 80 Ind. 37; Campbell v. Bower, 22 Ind. App. 562, 54 N. E. 409. Compare Dekle v. Calhoun, 60 Fla. 53, 53 So. 14, holding that the common law form of trover could not be maintained. It would seem clear that a mortgage lien, including a lien such as existed in this case, should be afforded protection as fully as a landlord's lien, even though the lien holder does not have the possession or the immediate right of possession at the time of the conversion, at least in a case where the party sought to be held, as here, is the wrongdoer himself.

We need not rest our decision on the point in question on the foregoing reasoning alone. It was held in Fitzgerald v. Andrews, 15 Neb. 53, 17 N. W. 370, that where a bill of sale is intended for security, and the right of possession is not retained by the grantor, the instrument itself is an authority for the grantee to take the goods covered thereby, without demand, whenever he sees fit to do so. In the case at bar it is alleged that the grantee took possession of

the property and then delivered it back to the grantor to be held for the use and benefit of the plaintiff. While, therefore, it may be that the right to possession in the case at bar was not as broad as it was under the facts appearing in Fitzgerald v. Andrews, supra, yet it is clear from the allegations of the amended petition that the possession by the defendant herein was upon the condition that it should be held for the. use and benefit of plaintiff. To sell it, therefore, was a violation of this condition, and a fraud upon the plaintiff. The principle of law that should be applicable in a case of that kind had its root. in the beginnings of the common law. Coke on Littleton says that if a bailee kill or destroy the thing bailed, trover will lie; that is to say, the immediate right of possession is instantly, by the doing of the wrongful act, restored to the bailor. Swift v. Moseley, 10 Vt. 208, 33 A. D. 197. And since the time of Coke it has been held in numerous instances, that where a bailee, mortgagee, lessee or other person, holding property in trust for another, sells it or effectually disposes thereof in derogation of the rights of him for whom he holds in trust, the trust is terminated and the immediate right of possession becomes vested in the latter. Ashburner, supra, p. 268; Fenn v. Bittleston, 7 Ex. 152, 155 Eng. Rep. 895; Cooper v. Willomatt, 1 C. B. 672, 135 Eng. Rep. 706; Farrant v. Thompson, 5 B. & Ald. 826, 106 Eng. Rep. 1392; Ayer v. Bartlett, 9 Pick, (Mass.) 156; Tibbetts v. Towle, 12 Me. 341; Daniels v. Pond, 21 Pick (Mass.) 367; 32 Am. Dec. 269; Longey v. Leach, 57 Vt. 377; Ashmead v. Kellogg, 23 Conn. 70; Shorter v. Dail, 122 Md. 101, 89 Atl. 329; Dean v. Cushman, 95 Me. 454, 50 Atl. 85; 85 A. S. R. 425; 55. L. R. A. 959; Whitney v. Lowell, 33 Me. 318; Lafayette Co. Bank v. Metcalf, 40 Mo. App. 494. In the case of Ashmead v. Kellogg, supra, speaking of the rights of a mortgagor in possession of the property mortgaged, and of the violation of these rights, the court says in part:

"During said term, he would have a right to use the property in the manner, and for the purposes, for which such use was granted. But he would have no right to appropriate it for another and different use, and if he should do so, we think that such appropriation would amount to wrongful conversion of it, which would deprive him òf the right of possession conferred by the stipulation in the condition of the mortgage, and revest it in the plaintiffs. The plaintiffs claim, that the sale of the property, by the defendant, in this instance, constituted such a misappropriation and conversion, and we are of that opinion. It could not be doubted, that a destruction of it by the defendant, during the limited period during which he was entitled to its use, would be a conversion of it, for which the plaintiffs might immediately maintain an action of trover, and we think, that a sale was equivalent to a destruction of it, as between these parties. It may indeed, after such sale have remained in specie, but it is not for the defendant to insist, that the plaintiffs should follow it, in the hands of the purchaser. The plaintiffs may treat it as if it were lost or destroyed. The sale of it, moreover, by the defendant, was an act of disloyalty to the plaintiffs, and a disclaimer, by him, of their title, and of his holding it under them, and should, in reason and justice, be attended with the same effect of forfeiting his interest in it, as a tenant or lessee, as would follow a similar act of disclaimer or renunciation, by a lessee of real estate."

We think the foregoing principle applicable to the case at bar, whether the holder of the bill of sale be regarded as the holder of the legal or the equitable title. There was a relation of trust existing between the parties, which was terminated upon violation of the trust by the defendant. The right of possession by the plaintiff followed, therefore, as a legal consequence of the breach of trust. Further, the allegations setting forth the amount of the lien still due and unpaid, and the value of the property were, in

connection with the allegation of the right of the plaintiff thereto and its unlawful sale, sufficient allegations as to the damages sustained by plaintiff.

5. The defendant, in order to have the attachment dissolved, traversed the allegations of the affidavit for attachment. It seems, from the order of the court, that on the hearing of the motion to dissolve, oral evidence was introduced both for the plaintiff as well as defendant to show the truth or falsity of the reasons set forth in the affidavit for the issuance of the attachment. This oral evidence is not in the record and we cannot, accordingly, review the action of the court on that motion. Final judgment in favor of plaintiff was entered on June 22, 1921. No order was at that time made as to the property attached, and the learned counsel for defendant claim that the attachment was then abandoned. We think not. Section 6150, W. C. S. 1920, provides that if judgment be rendered for the defendant, the attachment shall be discharged. Section 6151 provides that if judgment be rendered for the plaintiff, it shall be satisfied out of the money arising from perishable property previously sold, or from the sale of property still on hand, and for any amount not thus satisfied, a general execution may issue. The statute thus clearly contemplates that the attachment lien continues by the very fact that judgment is rendered for plaintiff, and this lien cannot be defeated merely by reason of the fact that an order of sale of the property is not embodied in the judgment. Coggshall v. The Marine Bank Co., 63 O. S. 88, 57 N. E. 1086; Liebman v. Ashbacker, 36 O. S. 94; Wallach v. Wylie, 28 Kan. 138; 6 C. J. 486. We see no reason why the order of sale, if necessary—a point we need not determine—could not be made subsequent to the entry of the judgment, as was done in this case on July 21, 1921. Nor was it necessary, as counsel contend, to hear evidence a second time as to the validity of the grounds of the attachment, when that matter has been

fully heard upon a motion to dissolve or to again make findings in connection therewith. Young v. Geddes, 42 O. S. 102.

6. Other assignments of error are argued, but we find them not well taken. One of these relates to the exclusion of certain evidence. We find, however, in the record, no reservation of exceptions to the action of the court thereon. Again counsel complain of the action of the court refusing to permit Lou Sorenson, wife of defendant, to come in and claim the ownership of the property attached. But she is not a party to the proceedings in this court, and that matter is not, therefore, before us.

Finding no prejudicial error in the record, the judgment of the lower court should be affirmed and it is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.